# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3158
_____

United States of America

*Plaintiff - Appellee*

v.

Sterling George Spotted Elk, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: February 9, 2026
Filed: July 27, 2026
_____

Before LOKEN, L.R. SMITH, and STRAS, Circuit Judges.
_____

LOKEN, Circuit Judge.

Sterling George Spotted Elk, Jr. pleaded guilty to carjacking, and aiding and abetting carjacking in violation of 18 U.S.C. § 2119(1) and (2) after his accomplice pointed a gun at the victim's face while Spotted Elk attempted to steal her car. When he committed these offenses in 2021 while under a criminal justice sentence, the Guidelines increased his criminal history points by two "status points," resulting in an advisory guidelines sentencing range of 100 to 125 months imprisonment. The

district court[1] imposed a 100-month sentence. The Sentencing Guidelines were subsequently amended to reduce the impact of "status points" in calculating a defendant's criminal history score. If sentenced after the amendments, Spotted Elk's advisory guidelines range would be 84 to 105 months imprisonment.[2] He moved for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based on a retroactive change to the Sentencing Guidelines. Spotted Elk appeals the district court's denial of a sentence reduction.[3] Reviewing its decision for abuse of discretion, we affirm. See United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010) (standard of review).

The district court analyzed Spotted Elk's § 3582(c)(2) motion using the two-step test articulated by the Supreme Court in Dillon v. United States, 560 U.S. 817, 826-27 (2010). First, the court determined he was eligible for a sentence reduction because the new amendments had the effect of lowering his guidelines range. See id. at 827. Second, applying the 18 U.S.C. § 3553(a) sentencing factors and the applicable Guidelines policy statement, USSG § 1B1.10, the court determined that a sentence reduction "is not warranted." See id. ("At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

[2]Under the previous Guidelines, a defendant who "committed the instant offense while under any criminal justice sentence" received two additional criminal history points, known as status points. See United States v. Youngman, No. 24-1369, 2025 WL 1554929, at *1 n.2 (8th Cir. June 2, 2025), quoting USSG App. C Supp., Amend. 821 (Nov. 1, 2024). Now, a person with six or fewer criminal history points receives no status points; a defendant with seven or more points receives one. See USSG § 4A1.1(e).

[3]Spotted Elk also received an additional 24-month consecutive term for possession of contraband, as well as a loss of privileges for his other violations. Only the denial of a reduction is at issue on appeal.

policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.").

In explaining its decision, the district court expressed concern with Spotted Elk's Bureau of Prisons' (BOP) disciplinary record, as USSG § 1B1.10, comment. (n.1(B)(iii)) expressly allows, as well as the nature and circumstances of his underlying offense:

> Spotted Elk's BOP disciplinary record shows that he committed a number of infractions between his sentencing and the time of his motion. His BOP record shows he was sanctioned for assault without serious injury, possessing a dangerous weapon, and refusing to obey an order. Of particular concern to the court is a sanction Spotted Elk received for assault without serious injury that occurred in March of 2024.

> In addition to Spotted Elk's post-sentencing conduct, the nature and circumstances of the offense weigh against a sentence reduction. Spotted Elk attempted to hijack a car and was only prevented from doing so by an engaged gear lock. Spotted Elk's accomplice pointed a gun at the victim and Spotted Elk ordered her onto the ground before attempting to leave with her vehicle.

The court concluded that "considering the § 3553(a) factors," including Spotted Elk's "continued behavioral violations in custody and history of recidivism," a sentence reduction was not warranted.

On appeal, Spotted Elk argues the district court abused its discretion in denying his motion for a sentence reduction (1) by placing undue weight on his underlying offense and criminal history when the district court had initially evaluated those same factors and sentenced him at the bottom of the guidelines range; (2) by placing significant emphasis on his post-sentencing conduct -- conduct he has already been

punished for; and (3) by ignoring Spotted Elk's rehabilitative efforts, including his numerous educational and skills-based courses.

We have little difficulty concluding the district court did not abuse its discretion. The court expressly considered the relevant § 3553(a) factors, including the seriousness of Spotted Elk's offense, the need to promote respect for the law, and protecting the public from future crimes. See, e.g., United States v. Granados, 830 F.3d 840, 843 (8th Cir. 2016). "[T]he district court has substantial latitude to determine how much weight to give the various factors under § 3553(a) . . . ." Id. at 842 (quotation omitted). We do not require a court that originally gave a bottom-of-the-guidelines sentence to again reduce a defendant's sentence to the bottom of his new guidelines range. See United States v. Jones, 836 F.3d 896, 898-99 (8th Cir. 2016). We have repeatedly upheld denials of discretionary relief where, as here, the defendant was originally given a bottom-of-range sentence but then committed multiple infractions in prison. See, e.g., United States v. Rivera-Moreno, 692 F. App'x 305, 306-07 (8th Cir. 2017).

The fact that Spotted Elk was initially punished for his past violations does not reduce the district court's discretion to weigh his overall criminal history in deciding whether a sentence reduction is warranted. See Youngman, 2025 WL 1554929, at *2. Nor must the district court consider his post-sentence rehabilitative efforts. In Jones, we noted that the "district court *may* consider post-sentencing rehabilitation as warranting a reduction," not that it *must*. 836 F.3d at 899 (emphasis in original).

"When considering the § 3553(a) factors, a district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." United States v. Rodd, 966 F.3d 740, 748 (8th Cir. 2020) (quotation omitted). Here, the district court acknowledged the relevant § 3553(a) factors and discussed them at some length. "Although [Spotted Elk] was eligible for a sentence reduction, § 3582(c)(2) does not

-4-

create a right to it." United States v. Tollefson, 853 F.3d 481, 486 (8th Cir.) (quotation omitted), cert. denied, 583 U.S. 887 (2017).  There was no abuse of the district court's substantial sentencing discretion.

The Order of the district court dated August 30, 2024, denying Spotted Elk a § 3582(c)(2) sentence reduction is affirmed.

_____